**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANH PHUONG TRAN,<br><br>       Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., ATTORNEY GENERAL,<br><br>       Respondent. | No. 11-70036<br><br>BIA No. A070 178 158<br><br>MEMORANDUM[*] |

Petition to Review a Decision of
the Board of Immigration Appeals

Argued and submitted January 7, 2014
Pasadena, California

Before:    REINHARDT and CLIFTON, Circuit Judges, and DORSEY, District Judge.[**]

Anh Phuong Tran, a Vietnamese/Canadian immigrant, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal

---

[*]  This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Jennifer A. Dorsey, District Judge for the District of Nevada, sitting by designation.

1

from an order of removal entered by an immigration judge based upon a finding that Tran's 2009 criminal conviction for racketeering conspiracy in violation of 18 U.S.C. § 1962(d) qualified her as an alien with an aggravated-felony conviction under 8 U.S.C. § 1101(a)(43)(M), (J), (U). Tran contends that the BIA deprived her of due process by not staying her removal proceedings to permit her to attempt to withdraw her guilty plea in the U.S. District Court, which she claims she entered without knowledge of its consequences on her immigration status, rendering it defective under *Padilla v. Kentucky*, 559 U.S. 356 (2010). The government disputes this Court's jurisdiction to hear this appeal due to Tran's waiver of appellate rights before the immigration judge and failure to contest the knowing and intelligent nature of that waiver during her BIA appeal. Even if we resolved these jurisdictional questions in Tran's favor, Tran cannot prevail because *Padilla* does not allow this collateral attack on Tran's criminal conviction. Accordingly, we deny the petition for review.

In *Padilla*, the Supreme Court held that a criminal defendant has a Sixth Amendment right to be informed of the immigration consequences of a guilty plea. 559 U.S. at 374. Three years later, in *Chaidez v. United States*, 133 S. Ct. 1103, 1107–13 (2013), the Supreme Court limited *Padilla*'s application by recognizing that its rule is a new one that does not apply retroactively to criminal convictions

pre-dating *Padilla*. Because Tran signed her plea in April 2008, and criminal judgment was entered against her in November 2009—over four months before *Padilla* was decided—Tran's defense attorney had no obligation to inform her of the potential immigration consequences of her plea agreement. *Chaidez*, 133 S. Ct. at 1113. Thus, Tran's proposed collateral attack on her criminal plea is foreclosed by *Chaidez*.

Tran concedes that 8 U.S.C. § 1227(a)(2)(A)(iii) required the immigration judge to order removal of any alien found to have committed an aggravated felony based on a criminal guilty plea. Tran's racketeering conspiracy conviction was a qualifying aggravated felony. 8 U.S.C. § 1101(a)(43)(M), (J), (U). Because Tran cannot collaterally attack her guilty plea and conviction in light of *Chaidez*, she cannot demonstrate that she suffered prejudice sufficient to establish a cognizable due process violation. *Reyes-Melendez v. I.N.S.*, 342 F.3d 1001, 1006 (9th Cir. 2003) (to show prejudice, petitioner must show that "the outcome of the proceeding may have been affected by the alleged violation.").

**PETITION DENIED.**